# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO.: 9:23-CV-81315-DMM

KAREN EDITH MURPHY

     Plaintiff,

vs.

TOWN OF JUPITER
and LUKA JURAC an individual,

     Defendants,

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, TOWN OF JUPITER, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Karen Murphy (hereinafter Karen), serves her response in opposition to Defendant, Town of Jupiter's Motion to Dismiss Plaintiff's Second Amended Complaint (DE 45) and states:

## I.   A)   SUMMARY OF PLEADINGS

Karen began this action in state Court. Her First Amended Complaint, (DE 13) specifically alleged the acts of Co-Defendant, Luca Jurac (hereinafter Jurac) to be undertaken willfully and wantonly (First Amended Complaint at paragraphs 14). In turn, Co- Defendant, Town of Jupiter, (hereinafter Jupiter) answered that Complaint on September 26, 2023. Relevant to the disposition of Jupiter Motion to

Dismiss, it interposed defenses alleging that Jurac acted outside the course of his employment and that Jurac's conduct, alleviated Jupiter of any liability. (Paragraphs 42, 43 and 46 of Answer).

Both Jupiter and Jurac removed this case to this Federal Court. (DE 1). Following removal, Jupiter filed its Answer in this court (DE 6). Jupiter's Answer filed in this court is identical to its Answer filed while this case was pending in a Florida state court. Specifically, Jupiter once again interposed the Affirmative Defenses of Jurac acting outside the course and scope of his employment with Jupiter. (Answer at paragraphs 42, 43 and 46).

Jurac moved to dismiss Karen's First Amended Complaint (DE 7). This court granted the dismissal and gave Karen leave to amend her Complaint (DE 38). Karen served her Second Amended Complaint (DE 39). Notably, the Second Amended Complaint does not carry allegations of willful and wanton behavior. As to Jupiter, it is alleged that Jurac committed a battery on Karen incidental to the questionable arrest effected by Jurac. Second Amended Complaint at paragraph 38, 52 and 53. Karen further alleges the battery, an intentional tort is committed by Jurac while he is acting within the course and scope of his employment with Jupiter (Second Amended Complaint at paragraph 2). Jupiter demands dismissal with *prejudice*. Jupiter views the allegations in the operative pleading to contain

the affirmative defense of its agent acting outside the course and scope of his

employment.

## B)    SUMMARY OF ARGUMENT

Jupiter's Motion is due to be denied as the affirmative defense, of its

employee acting outside the course and scope of his employment or acting in a

manner beyond the commission of and more reprehensible than the intentional tort

of battery does not appear on the face of the operative pleading. The Second

Amended Complaint alleges Jurac committed a battery, without implicating

reprehensible conduct beyond commission of an intentional tort shocking the

conscience. As conceded by Jupiter, the operative complaint does not carry

allegations of willful or wanton conduct.

## II.    A)    PLEADING STANDARD FOR DISMISSAL

Jupiter does not attack the operative pleading as insufficient under Fed. R.

Civ. P. 8 (a). It does not suggest that the second amended complaint does not rise

to the plausibility level demanded of complaints by *Ashcroft v Twombly,* 556 U.S.

662 (2009) and by *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007).

Instead, Jupiter appears to contend the Second Amended Complaint sows the

seeds of its own destruction by purportedly carrying the affirmative defense

contained in Fla. Stat. 768. 28 (9) (a) that immunizes a State of Florida

governmental entity for willful and wanton conduct committed by its agents.

If a claim contains a claim that is facially subject to an affirmative defense that claim may be dismissed under Rule 12 (b) (6). *LeFrere v Quezada*, 582 F. 3d 1260, 1263 (11th Cir. 2009) citing *Cottone v Jenne*, 326 F. 3d 1352, 1357 (11th Cir. 2003). As is demonstrated below, the operative pleading is bereft of facts that rise to the level of the affirmative defense afforded by Fla. Stat. 768. 28 (9) (a)[1].

### B)   OPERATIVE DEFINITIONS OF MALACE, BAD FAITH AND WILLFUL AND WANTON

Jupiter has not provided working definitions of the terms of art used in the statute upon which it invokes in its quest for dismissal with prejudice.  The definitions provided in this section when read in conjunction with the facts contained in relevant case law cited in a later section in this response enables this court to deny Jupiter's Motion.

The below definitions appear in the appellate opinion of the case stemming from the horrific murders occurring at Marjory Stoneman Douglas High School in February 2018. In that case the focus was the characterizing of the conduct of the

---

[1] 768.28 (9)(a)   An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers is by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

cowardly, school resource officer during the unspeakable massacre, *Scot Peterson v Estate of Meadow Pollack*, 290 So. 3d 102, 109 (Fla. 4th DCA 2020).

Bad faith as used in Section 768. 28 (9) (a) has been "equated with the actual malice standard", citing *Parker v State of Florida Board of Regents ex rel. Florida State University*, 724 So. 2d 163 (Fla. 1st DCA 1998).

The phrase "malicious purpose" as used in 768. 28 (9) (a) has been interpreted as meaning the conduct was committed with "ill will" hatred, spite [or] an evil intent, citing to *Eiras v Florida Department of Bus & Prof'l Regulations*, 239 F. Supp. 3d 1331, 1343, (M.D. Fla. 2017), as the subjective intent to do wrong.

The *Pollack* court, Supra, availed itself of Florida Criminal Jury instructions to arrive at a definition of wanton and a definition of willful as follows.

> Wanton means "with a conscious and intentional indifference to consequences and with the knowledge that damage is likely to be done to persons or property. Willful, means intentionally, knowingly and purposefully."

### C)   JUPITER IS LIABLE FOR THE INTENTIONAL TORT OF BATTERY COMMITTED BY JURAC WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT

Jupiter concedes that it not immune from suit predicated on Jurac's commission of the intentional tort of battery committed while Jurac was in course and scope of his agency relationship with Jupiter. See *Richardson v City of Pompano Beach*, 511 So. 2d 1121 (Fla. 4th D.C. A. 1987) cited by Jupiter at p. 5

of its Motion and *McGhee v Volusia County*, 679 So. 2d 729, (Fla. 1996) also
appearing at p. 5 of its Motion.

### D)   REJECTION OF CLAIMED IMMUNITY UNDER GLOSS OF WILLFUL OR WANTON CONDUCT

Having conceded that governmental immunity does not attach to a mere
intentional tort, Jupiter must convince this court that the allegations in the
operative pleading speak to more than a battery. In each of the following cases, the
court rejected the argument advanced here by Jupiter. Each of these cases
contained allegations of, or evidence of, conduct more reprehensible than the
conduct allegedly committed by Jurac.

In *McGhee v Volusia County*, 679 So. 2d 729, 733 (Fla. 1996), that Deputy
grabbed a *handcuffed* suspect by the throat and repeatedly kicked him. The Florida
Supreme Court reversed entry of summary judgment granted in favor of the
governmental entity on the basis on which Jupiter petitions this court for dismissal
with prejudice. The *McGhee* court held the question of whether the deputy acted in
bad faith, with malicious purpose, or in a manner exhibiting wanton or willful
disregard of human rights, safety or property <u>must</u> be put to the fact finder.

One school resource officer told a recalcitrant student that the student was
going to learn the hard way. That officer beat the student around the head. Two
other school resource officers kicked and punched the student. The court reversed

entry of Summary Judgement granted on sovereign immunity grounds. *Alexander Carestio v School Board of Broward County*, 866 So. 2d 754, (Fla. 4th DCA 2004).

A deputy shoved a dope sick detainee against the wall of the police station lockup. Later that day, the deputy tazed the detainee, allegedly without justification. The trial court allowed the question of willfulness or wantonness to go to the jury. Subsequently, the appellate court affirmed the trial court's decision to let the jury decide whether the conduct of "Officer One" immunized the municipality under the contours of Fla. Stat. 768. 28 (9) (a). *City of Boynton Beach v Weiss*, 120 So. 3d 606, 608 (Fla 4th DCA 2013).

### E)     UNDER EXTREME FACTS TRIAL COURTS HAVE RIGHTLY DECIDED THE QUESTION OF GOVERNMENTAL ENTITY IMMUNITY

In *Prieto v Malgor*, 361 F. 3d 1313, 1320 (11th Cir. 2004) that law enforcement officer allegedly harassed the suspect in a roadside arrest, threatened to plant drugs and physically abused the suspect. Further on arrival at the police station, at the processing room, the officer pinned the detainee to the wall and punched him in the face. That trial court citing to *McGhee*, entered a directed verdict in favor of the governmental agency. The directed verdict is affirmed on appeal. *Prieto* is cited at p. 5 of Jupiter's Motion.

The case of *Gregory v Miami Dade County*, 86 F. Supp. 3d 1333, 1335 (S.D. Fla. 2014) (cited by Jupiter at p. 6 of its Motion) illustrates the notion that only conduct much more reprehensible than the commission of an intentional tort

affords immunity to the government. There, the citizen who was under 18 years old alleged he did nothing wrong. The officer ordered the suspect down on the ground and then shot the youth several times. The Plaintiff's count for intentional infliction of emotional distress served as an additional ground for governmental employer immunity.

What is seen from *Gregory* and *Prieto* is the governmental agent's conduct as alleged or proven must implicate an intention to inflict serious bodily harm before the governmental entity is conferred immunity.

### III.    A)    JUPITER'S CASES

Jupiter cites an array of cases, none of which are helpful to this court in arriving at the issue of whether the Second Amended Complaint on its face contains the affirmative defense of immunity[2].

This section will track the order of the arguments in Jupiter's Motion for Dismissal with prejudice.

### B)    GOVERNING PROCEDURAL STANDARD
### (Responds to Section b) At p. 3

Jupiter cites to non-binding State of Florida jurisprudence rather than to binding U.S. Supreme Court or Eleventh Circuit precedent. Where, as here, the Court exercises supplemental jurisdiction over state law claims, "state law governs

---

[2] "Ordinarily, since the section permits an employer to avoid liability for its employees' action, it should be pleaded as an affirmative defense". *City of Fort Lauderdale v Todaro*, 632 So. 2d 655, 657. (Fla. 4th DCA 1994). In accord, *McGhee v Volusia County,* 679 So.2d 729 (Fla. 1996), at p. 13 to 733.

substantive issues and federal law governs procedural issues," *McDowell v Brown,* 392 F.3d 1283, 1294 (11th Cir. 2004). Further, none of those cases relied on by Jupiter treated the issue presented here a complaint that purportedly carries an affirmative defense.

### C) ENTITLEMENT TO THE AFFIRMATIVE DEFENSE OF SOVEREIGN IMMUNITY
### (Responds to bb at pages 3-6)

*Moore v Miami - Dade County*, 502 F. Supp. 2d 1124, 1235 (sic) (S.D. Fla. 2007) incorrectly cited by Jupiter. The case reported at 502 F. Supp. 2d 1124 is *Peterson v Little, Brown & Co.* 502 F. Supp. 2d 1124, (W.D. Wash. 2007). As such, Karen cannot respond to this purported authority.

In *Willis v Dade County School Board*, 411 So. 2d 245 (Fla. 3DCA 1982) the trial court properly dismissed an amended complaint alleging a governmental employee maliciously assaulted and battered that Plaintiff. In contrast Karen's Second Amended Complaint is shorn of allegations of willful or malicious conduct.

*Fort Lauderdale v Todarro*, 632 So. 2d 655, 656 (Fla. 4th DCA 1994) advances Karen's argument, that a complaint lacking allegations (or content) sounding in either willful or wanton is not subject to dismissal. *Todarro*, also involved the malice prong of the sovereign's immunity. That case did not address the willful or wanton prong of immunity on which Jupiter bases its motion. Lastly,

the trial court allowed the complaint that did not allege willful conduct to be decided by the jury.

*Palazzo Las Olas Group LLC v City of Fort Lauderdale*, 966 So. 2d 497 (Fla. 4th 2007), treated the bad faith prong immunity under allegations of unfair dealing and did so in the context of a dispute over commercial property development between a municipality and a property developer. (at 498). As such, *Palazzo* is not at all helpful to this court[3].

## CONCLUSION

Based on the foregoing authorities and argument it is respectfully urged that this court deny Defendant, Town of Jupiter's Motion to Dismiss Plaintiff's Second Amended Complaint (DE 45).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **26th day of March 2024**, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a true and correct copy of the forgoing through a notice of electronic filing to: Counsel for Defendants, Counsel for Luka Jurac, Ramon Vazquez, Esq., Michael J. Roper, Esq.; Roper, P.A., 2707 E. Jefferson Street Orlando, FL 32803, at rvazquez@roperpa.com, smiddleton@roperpa.com, mroper@roperpa.com,

---

[3] In its section on the subject of Sovereign Immunity, Jupiter refers to three trial level orders that were not subsequently reported in any official reporter. As such, these orders lack precedential status. Moreover, Jupiter has not included the content or procedural context underpinning these orders. It is respectfully urged that this court does not consider these orders in arriving at its disposition of the motion.

ysuedmeyer@roperpa.com; and Counsel for Town of Jupiter, Lyman H. Reynolds,

Jr., Esq. and James R. Jimenez, Esq., Roberts, Reynolds, Bedard & Tuzzo, PLLC,

470 Columbia Dr., Bldg. C101, West Palm Beach, FL 33409 at

service_LHR@rrbpa.com and lreynolds@rrbpa.com.

Respectfully Submitted,

By: */s/ Oscar Syger                    .*
OSCAR SYGER, ESQUIRE
FLORIDA BAR NUMBER: 381373
*Attorney for Plaintiff*

**LAW OFFICES OF OSCAR SYGER, P.A.**
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone:  (561) 599-0638
Email: oscarsyger1218@gmail.com
Secondary Email:
secretaryofoscarsyger@gmail.com